

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Mr. H. A. Turner
Secretary, Board of Regents
State Teachers Colleges
Box 756
Austin, Texas

Dear Sir:

Opinion No. 0-3762
Re: Validity of action of Board of
Regents of State Teachers Col-
leges in granting a year's leave
of absence with full pay to Dr.
C.N Shaver, President of Sam
Houston State Teachers College

Your letter of March 17 asks the opinion of this department as
to the validity of the action of the Board of Regents of the
State Teachers Colleges of Texas in granting to Dr. C.N. Shaver,
President of Sam Houston State Teachers College at Huntsville,
Texas, leave of absence for the current fiscal year at full pay.

From the statement of facts appended to your letter, it appears
that Dr. Shaver was first elected President of the Sam Houston
State Teachers College on Feb. 3, 1937, effective September 1,
1937; that he has been continued in office regularly since that
date, last being reelected president on May 6, 1941, for the
fiscal year ending August 31, 1942; that on August 18, 1941, by
action of the Board of Regennts of the State Teachers' Colleges,
Dr. Shaver was granted leave of absence at full pay for the fis-
cal year ending August 31, 1942. It appears that the leave of
absence was granted to Dr. Shaver on the grounds of ill health.
The board felt that personal welfare of Dr. Shaver, as well as
the interests of the school, required that Dr. Shaver, for the
current fiscal year, be relieved of all responsibility for the
discharge of the duties of president of that institution.

In this instance it is not necessary to determine the question
whether the action of the board violates the provisions of our
State Constitution referred to in the letter of Mr. George
H. Sheppard, Comptroller of Public Accounts, Austin, Texas,
addressed to the President of the Board of Regents of the State
Teachers Colleges, in reference to this matter, under date of
March 5, 1942.

The constitutional question need not be determined in this case, because the action of the Board of Regents plainly violates the provisions of House Bill No. 272, Acts Regular Session 47th Legislature.

It is a familiar doctrine that public officers have only such power as is conferred upon them by law. It is an equally familiar rule that when the power to do a certain thing is denied by law, the public officer cannot lawfully do the thing prohibited.

H.B. No. 272, Acts Regular Session, 47th Legislature, is the act providing appropriations for the support and maintenance of the various educational institutions of this State for the current biennium. The section of that bill providing an appropriation for the support and maintenance of the Sam Houston State Teachers College contains a subheading and item of appropriation as follows:

"Administration (12 months)

"85. The president, with house, water, heat, lights, telephone, part time yard man.....$6000.00"

The general provisions appended to the act and governing and controlling the expenditure of funds therein appropriated contain the following subsections:

"Subsection 8. Vacation allowance.

"A vacation not to exceed twelve working days each year may be allowed each of the officers and employees provided for upon a twelve months basis in this act."

Dr. Shaver is the President of the Sam Houston State Teachers College. The president of the college is provided for in the act upon a twelve months basis. Whether the president is an officer or employee it is not necessary to decide. Palpably, he is either the one or the other. Though the Board of Regents of the State Teachers Colleges has granted to Dr. Shaver a year's "leave of absence" at full pay, the prohibition expressed in Subsection 8 cannot be avoided in that manner. Mere difference in terminology cannot serve to obscure the fact that in truth the Board of Regents has attempted to allow Dr. Shaver a <u>vacation</u> exceeding twelve working days during the current fiscal year. The act expressly denies the Board of Regents of the State Teachers Colleges the authority to allow Dr. Shaver a paid vacation exceeding twelve working days in the current fiscal year. It follows inexorably that the action of the Board of Regents in attempting to allow Dr. Shaver a vacation of a full year at full pay is invalid.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By

        R.W. Fairchild
            Assistant

APPROVED MAR. 25, 1942

    GROVER SELLERS

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:AMM